**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OPPORTUNITIES AFFORDED PLUS LLC, a Georgia limited liability corporation with the registered address 2832 Peyton Crossing Dr. SW Atlanta, GA 30011,<br><br>    Plaintiff,<br><br>    v.<br><br>TRACEY TURNER, a resident of 2901 North Capital Street, NE Washington, DC 20002,<br><br>and<br><br>TURNER DEVELOPMENT LLC, a Washington D.C. limited liability corporation with the registered address 2901 North Capital Street, NE Washington, DC 20002<br><br>    Defendants. | No.: 1:22-cv-01538 |

**DEFENDANTS'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND OTHER RELIEF**

COMES NOW Defendants Tracey Turner ("Tracey") and Turner Development LLC ("Turner Development") (collectively "Defendants"), by and through undersigned counsel, hereby submits their Answer to Plaintiff Opportunities Afforded Plus LLC's ("OA") complaint (the "Complaint") and states upon information and belief, as follows:

**SUBSTANCE OF THE ACTION**

Defendants admit that this is a dispute involving the payment on a promissory note, where Turner Development, LLC is the Borrower and Opportunities Afforded Plus, LLC is the Lender. Tracey Turner is not a personal guarantor of the promissory note.

**FIRST DEFENSE**

The Complaint fails to state a claim against Tracey Turner upon which relief can be granted.

## PARTIES

1. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1, and therefore, demands strict proof thereof.

2. Admit.

3. Admit.

## JURISDICTION AND VENUE

4. Paragraph 4 states a legal conclusion to which no response is required.

5. Paragraph 5 states a legal conclusion to which no response is required

6. Paragraph 6 states a legal conclusion to which no response is required.

7. Paragraph 7 a legal conclusion to which no response is required.

## SECOND DEFENSE

8. Defendants deny the allegations contained in Paragraph 8, and therefore demand strict proof thereof.

9. Defendants deny the allegations contained in Paragraph 9, and therefore demand strict proof thereof.

10. Defendants deny the allegations contained in Paragraph 10, and therefore demand strict proof thereof.

11. Defendants deny the allegations contained in Paragraph 11, and therefore demand strict proof thereof.

12. Defendants deny the allegations contained in Paragraph 12, and therefore demand strict proof thereof.

13. Defendants deny the allegations contained in Paragraph 13, and therefore demand strict proof thereof.

14. Defendants deny the allegations contained in Paragraph 14, and therefore

demand strict proof thereof.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Defendants deny the allegations contained in Paragraph 20.

21. Defendants deny the allegations contained in Paragraph 21.

22. Defendants deny the allegations contained in Paragraph 22.

23. Defendants deny the allegations contained in Paragraph 23.

24. Defendants deny the allegations contained in Paragraph 24, and therefore, demand strict proof thereof.

25. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25, and therefore, demands strict proof thereof.

26. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26, and therefore, demands strict proof thereof.

27. Defendants deny the allegations contained in Paragraph 27.

28. Admit.

29. Admit.

30. Defendants deny the allegations contained in Paragraph 30, and therefore, demands strict proof thereof.

31. Admit.  Tracey Turner was not obligated to pay the Principal Payment Amount.  He did not sign a personal guarantee or otherwise agree to personally make the payment.

32. Defendants deny the allegations contained in Paragraph 32, and therefore, demand strict proof thereof.

33. Defendants deny the allegations contained in Paragraph 33, and therefore, demands strict proof thereof.

34. Admit. Tracey Turner was not obligated to pay the Principal Payment Amount. He did not sign a personal guarantee or otherwise agree to personally make the payment.

35. Defendants deny the allegations contained in Paragraph 35, and therefore, demand strict proof thereof.

36. Defendants deny the allegations contained in Paragraph 37\6.

37. Admit. Tracey Turner was not obligated to pay the Principal Payment Amount. He did not sign a personal guarantee or otherwise agree to personally make the payment.

38. Defendants deny the allegations contained in Paragraph 38, and therefore, demand strict proof thereof.

39. Defendants deny the allegations contained in Paragraph 39, and therefore, demand strict proof thereof.

40. Admit. Tracey Turner was not obligated to pay the Principal Payment Amount. He did not sign a personal guarantee or otherwise agree to personally make the payment.

41. Defendants deny the allegations contained in Paragraph 41, and therefore, demand strict proof thereof.

42. Defendants deny the allegations contained in Paragraph 42, and therefore, demand strict proof thereof.

43. Defendants deny the allegations contained in Paragraph 43, and therefore, demand strict proof thereof.

44. Defendants deny the allegations contained in Paragraph 44, and therefore, demand strict proof thereof.

45. Defendants deny the allegations contained in Paragraph 45, and therefore, demand strict proof thereof.

46. Defendants deny the allegations contained in Paragraph 46.

47. Defendants deny the allegations contained in Paragraph 47, and therefore, demand strict proof thereof.

48. Defendants deny the allegations contained in Paragraph 48.

49. Defendants deny the allegations contained in Paragraph 49.

50. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 50, and therefore, demand strict proof thereof.

51. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 51, and therefore, demand strict proof thereof.

52. Defendants deny the allegations contained in Paragraph 52.

53. Defendants deny the allegations contained in Paragraph 53, and therefore, demand strict proof thereof.

54. Defendants deny the allegations contained in Paragraph 54, and therefore, demands strict proof thereof.

55. Defendants deny the allegations contained in Paragraph 55.

## COUNT ONE
**(South Carolina Unfair Trade Practices, S.C. Code Ann. § 39-5-10, *et seq*.)**

56. Paragraph 56 states a legal conclusion to which no response is required.

57. Defendants deny the allegations contained in Paragraph 57, and therefore, demands strict proof thereof.

58. Defendants deny the allegations contained in Paragraph 58, and therefore, demands strict proof thereof.

59. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 59, and therefore, demands strict proof thereof.

60. Defendants deny the allegations contained in Paragraph 60, and therefore, demands strict proof thereof.

## COUNT TWO
### (Breach of Contract)

61. Paragraph 61 states a legal conclusion to which no response is required.

62. Defendants deny the allegations contained in Paragraph 62, and therefore, demand strict proof thereof.

63. Defendants deny the allegations contained in Paragraph 63, and therefore, demand strict proof thereof.

64. Defendants deny the allegations contained in Paragraph 64.

65. Defendants deny the allegations contained in Paragraph 65.

66. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 66, and therefore, demands strict proof thereof.

67. Defendants deny the allegations contained in Paragraph 67.

68. Defendants deny the allegations contained in Paragraph 68.

69. Defendants deny the allegations contained in Paragraph 69.

70. Defendants deny the allegations contained in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations contained in Paragraph 72.

73. Paragraph 73 states a legal conclusion to which no response is required.

**WHEREFORE**, having fully responded to all of the allegations, Defendants Tracey Turner and Turner Development, LLC, request that this Honorable Court dismiss Plaintiff Opportunities Afforded Plus LLC's Complaint and enter judgment in favor of Tracey Turner and Turner

Development, LLC plus costs of this action, including reasonable attorney's fees and any such further relief as this Honorable Court deems just and proper.

                                              Respectfully submitted,
                                              The Norman Law Firm PLLC

                                              /s/ Elton F. Norman
                                              Elton F. Norman, Esquire
                                              Bar No. 452831
                                              8720 Georgia Avenue, Suite 1000
                                              Silver Spring, MD 20910
                                              (301) 588-4888 (ph)
                                              (301) 567-3544 (fax)
                                              enorman@normanlawfirm.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of July 2022, I served a true and correct copy of the foregoing Answers to Plaintiff Opportunities Afforded Plus LLC's Complaint via electronic delivery to:

Kimberly Delk Eason
TROUTMAN PEPPER HAMILTON SANDERS LLC
600 Peachtree St. NE
Suite 3000
Atlanta, Georgia 30308
Phone: (757) 268 – 6977
Email: kimberly.eason@troutman.com
*(Counsel for the Plaintiff)*

/s/ Elton F. Norman
Elton F. Norman, Esquire
Bar No. 452831